

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:08CR186

SPENCER PETERS

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on February 20, 2015, the Court denied on the merits a motion under 28 U.S.C. § 2255 filed by Spencer Peters. United States v. Peters, No. 3:08CR186, 2015 WL 749917, at *1-11 (E.D. Va. Feb. 20, 2015.) On February 12, 2018, the Court received from Peters a COMBINED MOTION AND MEMORANDUM OF LAW PURSUANT TO FED. R. CIV. P. 60(b)(3) and (6) SEEKING RELIEF FROM THIS COURT'S FEBRUARY 19, 2015 MEMORANDUM OPINION AND ORDER DENYING HIS 28 U.S.C. § 2255 MOTION. ("Rule 60(b) Motion, ECF No. 300.") In his Rule 60(b) Motion,[1] Peters contends that the Court should vacate the

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

. . .

(6) any other reason that justifies relief.

denial of his § 2255 Motion due to fraud and exceptional circumstances. However, Peters's Rule 60(b) Motion also contains at least one claim that challenges his underlying conviction and sentence. Accordingly, by Memorandum Order entered on September 24, 2018, the Court explained the following:

> The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).
>
> "[A] Rule 60(b) motion in a habeas proceeding that attacks 'the substance of the federal court's resolution of a claim on the merits' is not a true Rule 60(b) motion, but rather a successive habeas petition," and is subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) (2012). United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)). By contrast, "[a] Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." Id. (quoting Gonzalez, 545 U.S. at 531-32). Where, however, the movant "presents claims subject to the requirements for successive applications as well as claims cognizable under Rule 60(b)," such a motion is a mixed Rule 60(b)/§ 2255 motion. Id. at 400 (quoting United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)).

Fed. R. Civ. P. 60(b)(6).

Peters's Rule 60(b) Motion contains at least one claim that challenges his underlying conviction and sentence and may be a successive § 2255 motion. Peters argues that the Court unconstitutionally interfered with his criminal proceedings. (Rule 60(b) Mot. 13-20.) Because Peters has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion, this Court lacks jurisdiction to entertain this portion of the Rule 60(b) Motion.

To the extent that Peters is not challenging his underlying conviction or sentence but a perceived flaw in his § 2255 proceeding, that claim may not be successive. Thus, it appears that the Rule 60(b) is a mixed Rule 60(b)/§ 2255 motion, see McRae, 793 F.3d at 397; Gonzalez, 545 U.S. 532 n.4, and the Court must afford Peters the opportunity to elect between deleting his successive § 2255 claims or having his entire motion treated as a successive § 2255 motion. See McRae, 793 F.3d 400.

Accordingly, within thirty (30) days of the date of entry hereof, Peters is directed to notify the Court whether he would like to delete the improper claims or have the entire Rule 60(b) Motion treated as a successive application. Failure to respond within thirty (30) days will result in dismissal of the action without prejudice.

(ECF No. 311, at 2-4.)

## I.    SPENCER'S RESPONSE

Peters has responded to the September 24, 2018 Memorandum Order. In sum, Peters states: "I would like to delete my improper 2255 claim that's challenging my conviction and sentence." (ECF No. 314, at 1.) With the improper claim or

claims deleted,[2] the Court will proceed with the motion as one filed under Federal Rule of Civil Procedure 60(b).

## II.  RULE 60(b) MOTION

Essentially, Peters argues that he and his co-defendants paid an individual to ghostwrite a § 2255 motion for them without doing due diligence into his background, and, in hindsight, is dissatisfied with the product he received. (Rule 60(b) Mot. 3-5.)  Peters argues that this is fraud under Rule 60(b)(3) and because, there are "defects in the integrity of the Court's ruling, Rule 60(b)(6) also applies."  (Rule 60(b) Mot. 1.)

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'"  Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)."  Id. (citing Werner, 731 F.2d at 207).  Peters seeks relief under Rule 60(b)(3) and (6), hence, under Federal Rule of

---

[2] The claims attacking his conviction and sentence (see Rule 60(b) Mot. 13-20), are improper, and upon Peters's instruction, are deleted.

Civil Procedure 60(c)(1) he was required to file his motion within a reasonable time after the entry of the February 20, 2015 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Peters's Rule 60(b) Motion, filed more than two years after the entry of the challenged judgment, was not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir.1974); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249 (4th Cir.1967))). Peters fails to offer any persuasive argument as to why this Court should find that his Rule 60(b)(3) or (6) Motion was filed within a reasonable time. Cf. Fortune v. Clarke, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary, not jurisdictional).

Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" MLC Auto., LLC v. Town of Southern Pines, 532 F.3d 269, 277 n.5 (4th Cir. 2008)

(quoting <u>Reid v. Angelone</u>, 369 F.3d 363, 370 (4th Cir. 2004)). Peters fails to demonstrate that extraordinary circumstances warrants review of the Court's dismissal of his § 2255 Motion or that he has a meritorious claim. At most, Peters's family made an unwise investment in hiring an individual to ghostwrite his § 2255 Motion, but he fails to demonstrate any fraud upon this Court or any other ground for Rule 60(b) relief.[3] Accordingly, the Rule 60(b) Motion (ECF No. 300) will be denied.[4] A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Peters and counsel for the United States.

It is so ORDERED.

Date: *November 1, 2018*
Richmond, Virginia

/s/ *REP*

Robert E. Payne
Senior United States District Judge

---

[3] Peters represented to the Court that he was proceeding <u>pro se</u>. Therefore, Peters alone is responsible for the arguments he presented to the Court. To the extent that Peters believes he was entitled to the effective assistance of counsel for his purportedly <u>pro se</u> § 2255, he is incorrect. <u>See Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) (observing there is no general constitutional right to appointment of counsel to develop and pursue post-conviction relief).

[4] Buried in his Rule 60(b) Motion, Peters, for the first time, indicates that he should be able to obtain relief under Federal Rule of Civil Procedure 60(d). (Rule 60(b) Mot. 20.) Peters did not bring his motion pursuant to Rule 60(d). It appears that Peters is seeking permission from the Court to file a Rule 60(d) Motion. Peters is free to file any motion he desires, however, that motion will be subject to any relevant procedural or jurisdictional restrictions.